UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

REV. EARNEST LEE HOBLEY

        Plaintiff

Vs.

KFC U. S. Properties, Inc.

        Defendant

Civil Action No.1 : 05-cv-1708

Hon. R.M.C.

**PLAINTIFF'S MOTION OF PROOF THAT THE DEFENDANT, KFC SAW THIS MATTER AS CRIMINAL AND NOT AN EMPLOYMENT DISPUTE SUBJECT TO AN ARBITRATION AGREEMENT, SIGNED OR OTHERWISE**

COMES NOW Rev. Earnest Lee Hobley, Plaintiff pro se in the above captioned matter and in support of this motion states as follows:

1. KFC's loss prevention manager Mr. Marcus Loveless determined that the alleged theft of KFC's funds was not an arbitrable matter, subject to an arbitration agreement, signed or otherwise.

2. KFC reported this matter to the D.C. Metropolitan Police on February 28, 2003, as opposed to taking the matter to arbitration, therefore breaching or voiding any arbitration agreement between the parties.

3. D.C. Metropolitan Police investigator Mr. James Lafranchis confirmed that KFC's allegation of theft made on February 28, 2003 was not an employment dispute subject to any arbitration agreement between the parties, therefore it was requested that a judge of the D.C. Superior Court issues an arrest warrant for Rev. Hobley's arrest on April 1, 2003.

4. On June 13, 2003, the D.C. Superior Court's Criminal division confirmed that the charge of first-degree theft was a criminal matter and not an employment dispute between the parties, subject to any arbitration agreement.

**RECEIVED**

NOV 28 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ARGUMENT

1. The Court must understand that KFC's loss prevention manager, Mr. Marcus Loveless would not have involved the D.C. Metropolitan Police in this matter, if KFC saw this matter as an employment matter subject to an arbitration agreement.

2. The Court must understand that the D.C. Metropolitan Police investigator's request for the D.C. Superior Court to issue an arrest warrant for the plaintiff, Rev. Hobley would not and could not have been granted, if the D.C. Superior Court's Criminal Division saw the alleged theft of KFC's funds as an employment dispute between the parties and not a criminal matter.

3. The Court must understand that the D.C. Superior Court could not and would not have had the Plaintiff, Rev. Hobley arrested, charged, indicted, tried or prosecuted for any employment dispute between Rev. Hobley and KFC.

## SUMMARY

Therefore, based upon these facts: KFC's loss prevention manager, Mr. Marcus Loveless, D.C. Metropolitan Police investigator Mr. James LaFranchis and D.C. Superior Court's Criminal Division determined that the alleged theft of KFC's funds were not an employment dispute. How can this honorable Court determine that this is a matter subject to an arbitration agreement when KFC themselves and the D.C. Superior Court's Criminal Division have already determined that the alleged theft of KFC's fund's was not an employment dispute, subject to an arbitration agreement, signed or otherwise.

Why this honorable Court cannot understand that the Plaintiff Rev. Hobley could not have been arrested, charged, indicted, tried or prosecuted by authorities for any employment dispute between Rev. Hobley and KFC.

## CONCLUSION

It is noted that KFC attorney Mr. Eric J. Pelton had never presented any argument or cited any cases before the U.S. District Court or the U.S. Court of Appeals where the employer previously determined that the matter brought before the Court was not subject to any arbitration agreement, however this is exactly what KFC did when KFC reported this matter to the authorities that the Plaintiff, Rev. Hobley had stolen KFC's funds. KFC saw this matter previously as a criminal matter, which was not subject to an employment arbitration agreement. KFC made this determination before the Plaintiff, Rev. Hobley filed his lawsuit against KFC. Moreover, KFC breached or voided any arbitration agreement between the parties.

WHEREFORE, the premises considered, Plaintiff respectfully requests that:

1. Defendant's Motion To Enforce Arbitration Agreement and Dismiss Complaint, And To Sanction Plaintiff For Vexatious Litigation be dismissed with prejudice; and,

2. For such other and further relief as to this Honorable Court seems just and proper.

Respectfully submitted,

*Pro se* Rev. Earnest Lee Hobley
413 Longfellow Street, N.W.
Washington, D.C. 20011
(301) 237-3564

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION OF PROOF THAT THE DEFENDANT, KFC SAW THIS MATTER AS CRIMINAL AND NOT AN EMPLOYMENT DISPUTE SUBJECT TO AN ARBITRATION AGREEMENT, SIGNED OR OTHERWISE** was mailed on November 29, 2005 to the following:

                                      Attorney Eric J. Pelton
                                      280 North Old Woodward Avenue, Suite 400
                                      Birmingham, Michigan 48009-5394

_pro se_ Rev. Earnest Lee Hobley